IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAUL ALBERTO PEREZ-REYES,<br>　　　　Plaintiff, | )<br>)<br>) | C.A. No. 07-340 Erie |
| vs. | )<br>)<br>) | District Judge McLaughlin<br>Magistrate Judge Baxter |
| JEFFREY BEARD, et al.,<br>　　　　Defendants. | )<br>) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.　　RECOMMENDATION

It is respectfully recommended that Plaintiff's seventh motion for injunctive relief, entitled "Another Motion for Emergency Injunction" [Document # 88, be denied.

### II.　　REPORT

Plaintiff Raul Alberto Perez-Reyes, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), brings a civil rights action pursuant to 42 U.S.C. § 1983 against Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections ("DOC"); Marilyn S. Brooks, former Superintendent of SCI-Albion; Maxine Overton, Health Care Administrator at SCI-Albion; Dr. Calderbank, a dentist employed by the DOC; Dr. Baker, a physician under contract to provide medical services to inmates at SCI-Albion; and Linda Maruschak, a dental hygienist employed by the DOC. Plaintiff raises various claims against Defendants based on denial of medical care under the Eighth Amendment, retaliation for the exercise of his First Amendment rights, and violation of his due process rights under the Fourteenth Amendment. As relief for his claims, Plaintiff seeks monetary damages and injunctive relief.

Since filing his complaint in this matter, Plaintiff has filed numerous "motions for emergency injunction" seeking relief from alleged harassment and retaliation by SCI-Albion staff [Document ## 5, 8, 11, 26, 38, and 84], all of which have been denied by this Court due to Plaintiff's failure to demonstrate either irreparable harm or a likelihood of success on the merits. Plaintiff has now filed his seventh such motion entitled "another motion for emergency

injunction," again claiming that SCI Albion staff has subjected him to "non-stop unconstitutional retaliation, severe harassment and criminal malicious attacks against the plaintiff's life...." [Document # 88]. In particular, Plaintiff alleges that (i) he is "being harass [sic], delayed and hindered in [his] access to the SCI Albion Law Library; (ii) an inmate infected with "MRSA" was transferred from SCI-Graterford and placed in his cell; and (iii) SCI-Albion's kitchen staff has continued to "mess up" his food trays. (Document # 88 at p. 1). As a result, Plaintiff seeks an order transferring him to another institution. (Id.).

For the reasons noted in this Court's Report and Recommendation denying Plaintiff's previous injunction request [Document # 84], this Court is disinclined to conduct another hearing on Plaintiff's current motion, particularly since the allegations raised in the motion have previously been presented to this Court and found to be lacking. Rather, the Court requested and received written responses from the Defendants. [Document ## 91, 92].

Injunctive relief in any form is an extraordinary remedy that should be granted in "limited circumstances." AT & T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1427 (3d Cir.1994) (citations omitted). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990).

If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary

injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. Denied, 493 U.S. 848 (1989). In fact, the Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury..." Acireno, 40 F.3d at 655 (citation omitted).

In this case, Plaintiff has failed to show that he has or will suffer immediate irreparable injury from the food trays he is being served, as testimony elicited from prior telephone hearings before this Court confirmed that Plaintiff has continued to eat his food with no ill effects. With regard to his access to courts claim, Plaintiff does not allege that he is being prevented from going to the law library; he alleges only that he arrives late to the law library, after other inmates have taken all of the typewriters and computers. However, Plaintiff has not alleged that he has missed any court deadlines as a result. Thus, he has failed to show that he has or will suffer irreparable harm from continually arriving late at the law library. With regard to his claim that an inmate infected with MRSA has been transferred from SCI-Graterford and placed in Plaintiff's cell, Defendants have submitted the Declaration of Melinda Adams, Superintendent's Assistant at SCI-Albion, who denies knowledge of the existence of any such inmate and certifies that no such transfer or placement occurred as Plaintiff alleges. (See Document # 91, Exhibit B at ¶ 2). Thus, Plaintiff has failed to demonstrate immediate irreparable injury in this regard, as well.

Furthermore, Plaintiff has failed to demonstrate a likelihood of success on the merits to warrant the issuance of a preliminary injunction. The ultimate relief Plaintiff seeks is an order transferring him to another institution. It is well-settled that Plaintiff has no federal liberty

3

interest guaranteeing that he remain in a particular prison, be transferred to another correctional facility, or be prevented from transferring to another correctional facility, either within the same state or interstate. Olim v. Wakinekona, 461 U.S. 238, 247 (1983); Beshaw v. Fenton, 635 F.2d 239 (3d Cir.1980), cert. denied, 453 U.S. 912 (1981). "Through the authorization conferred by 18 U.S.C. § 4082, the Attorney General may transfer a prisoner from one place of confinement to any available and appropriate facility." Ingraham v. Federal Bureau of Prisons, 1987 WL 16886 at *1 (E.D.Pa. Sept. 9, 1987). Thus, Plaintiff cannot demonstrate a likelihood of success with regard to his claims to warrant the extraordinary relief he seeks.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's seventh motion for injunctive relief, entitled "Another Motion for Emergency Injunction" [Document # 88], be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                      /s/ Susan Paradise Baxter
                                                      SUSAN PARADISE BAXTER
                                                      Chief United States Magistrate Judge

Dated: September 18, 2008

cc:    The Honorable Sean J. McLaughlin
       United States District Judge