# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAUL ALBERTO PEREZ-REYES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-340 Erie |
| JEFFREY BEARD, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This civil rights action was received by the Clerk of Court on December 10, 2007 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff is an inmate incarcerated at the State Correctional Institution at Albion ("SCI-Albion") and initiated this action pursuant to 42 U.S.C. § 1983 against: Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections; Marilyn S. Brooks, former Superintendent of SCI-Albion; Maxine Overton, Health Care Administrator at SCI-Albion; Dr. Calderbank, a dentist employed by the DOC; Linda Maruschak, a dental hygienist employed by the Department of Corrections (all of the foregoing are referred to as the "Commonwealth Defendants"); and Dr. Baker ("Baker"), a physician under contract to provide medical services to inmates at SCI-Albion. Plaintiff raised various claims against Defendants based upon an alleged denial of medical and dental care under the Eight Amendment, retaliation for the exercise of his First Amendment rights and violation of his due process rights under the Fourteenth Amendment. Plaintiff further purported to assert state tort law claims of negligence, false pretense, deception and fraud.

On April 10, 2008, the Commonwealth Defendants filed a motion to dismiss or alternatively, for summary judgment [Doc. No. 55] arguing that: (1) Plaintiff's claims against the Commonwealth Defendants in their official capacities are barred because they are immune from suit under the Eleventh Amendment and/or they are not "persons" under 42 U.S.C. § 1983; (2) Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Beard, Brooks

and Overton must be dismissed because they did not have authority to make treatment decisions; (3) Plaintiff's retaliation claim fails because he has not shown an adverse action; (4) the Commonwealth Defendants are entitled to sovereign immunity from Plaintiff's state tort claims; and (5) Plaintiff has failed to show that any of the Commonwealth Defendants were deliberately indifferent to his medical needs. Defendant Baker has also filed a motion to dismiss Plaintiff's complaint or in the alternative, for summary judgment [Doc. No. 71] arguing that Plaintiff has failed to state any claim against him upon which relief may be granted.

Plaintiff filed motions for summary judgment [Doc. No. 68 and Doc. No. 78] against the Commonwealth Defendants and Defendant Baker, generally asserting that he is entitled to judgment as a matter of law.

The Magistrate Judge issued a Report and Recommendation on November 25, 2008 [Doc. No. 101], recommending that: (1) the Commonwealth Defendants motion be granted; (2) the Plaintiff's motions be denied; and (3) Defendant Baker's motion be granted. The parties were allowed ten (10) days from the date of service to file objections. Service was made on Plaintiff by certified mail and on Defendants. No objections were filed. After de novo review of the motions and documents in the case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 24th day of February, 2009;

IT IS HEREBY ORDERED that the Commonwealth Defendants' motion to dismiss or in the alternative for summary judgment [Doc. No. 55] is GRANTED in part and DENIED in part. In dismissing the retaliation claim, the Magistrate Judge found "persuasive" the Defendants' contention that the alleged retaliatory conduct was not "adverse action" because the Plaintiff was not deterred from engaging in constitutionally protected activity as reflected by the filing of numerous grievances, as well as several motions in this case. She observed that "[s]uch unbridled litigiousness belies any assertion that Defendants' alleged retaliatory acts would deter a person of ordinary firmness from engaging in constitutionally protected activity." See Magistrate Judge's Report and Recommendation [Doc. No. 101] p. 16.

Given that the test for adverse action is an objective one, a plaintiff's litigiousness in the

2

face of alleged retaliatory conduct does not, in itself, entitle a defendant to summary judgment. As the court in Kounelis v. Sherrer, 529 F. Supp. 2d 503 (D.N.J. 2008) observed:

> The law of this Circuit does not support Defendants' position. Moreover, the Court of Appeals has clearly stated that an action is adverse when a person of ordinary firmness would be deterred from exercising his constitutional rights. The Court of Appeals has never required that the plaintiff himself be deterred by the allegedly retaliatory action and it is an illogical requirement. At most, the fact that Kounelis appealed his disciplinary charge and brought legal action against the corrections officers is only some evidence that a person of ordinary firmness would not be deterred, but it clearly does not entitle SCOs Atuncar, Schwenk, and Bush to summary judgment on Kounelis's retaliation claim.

Kounelis, 529 F. Supp. 2d at 531 (footnote omitted). A similar conclusion was reached in Brooks v. Smith, 2007 WL 3275266 (M.D.Pa. 2007):

> Defendants contend that adverse action is not established because Mr. Brooks actually exercised his constitutional rights while in the SHU: he filed administrative grievances and documents in his federal civil rights lawsuit. The test for adverse action, however, is objective, not subjective, and whether the plaintiff was actually deterred by the defendant's retaliatory acts is not dispositive. *See Citizens for a Better Lawnside*, 2007 WL 1557479, at *6; *Cannon v. Burkybile*, No. 99-C-4623, 2002 WL 448988, at *6 (N.D.Ill. Mar. 22, 2002). ...

Brooks, 2007 WL 3275266 at *11.

Since whether a person of ordinary firmness would be deterred is typically a question of fact, see Allah v. Seiverling, 229 F.3d 220, 225 (3rd Cir. 2000), I decline to adopt the Magistrate Judge's recommendation that the retaliation claim be dismissed.

With respect to the state tort claims of negligence, false pretense, deception and fraud, the Magistrate Judge found no independent basis on which to exercise jurisdiction over these claims in the absence of a cognizable federal claim. Given my disposition of the Plaintiff's federal retaliation claim, the Magistrate Judge is directed to address the viability of the state tort claims on the merits.

IT IS FURTHER ORDERED that Defendant Baker's motion to dismiss or in the alternative for summary judgment [Doc. No. 71] is GRANTED and Plaintiff's motions for summary judgment [Doc. No. 68 and Doc. No. 78] are DENIED. The Report and Recommendation [Doc. No. 101] of Magistrate Judge Baxter, filed on November 25, 2008, is

3

adopted in all other respects as the opinion of the Court.

                                                                           s/       Sean J. McLaughlin
                                                                                      United States District Judge

cm:     All parties of record
           Susan Paradise Baxter, U.S. Magistrate Judge